**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Manuel ORTIZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 7, 2011.

Filed March 18, 2011.

Manuel Ortiz, appellant, pro se.

Craig W. Stedman, Assistant District Attorney, Lancaster, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., ALLEN, J. and McEWEN, P.J.E.

OPINION BY STEVENS, P.J.:

Appellant, Manuel Ortiz, appeals *pro se* from the Order entered on August 5, 2010 dismissing his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–46, on the basis it was untimely filed. We affirm.

The PCRA court has aptly set forth the underlying facts as follows:

On the afternoon of October 26, 1994, [Appellant] left school and walked to the corner of Howard and Shippen Streets in the City of Lancaster where he planned to sell drugs and hang out with his friends. [Appellant] met with Levar Jones, a friend and classmate, and the two discussed plans to travel to Chicago to visit a relative of Jones. However, Jones did not have enough money to pay for the train ticket. To obtain the money for the train ticket, [Appellant] suggested buying an eight ball of crack cocaine to resell. Jones then told [Appellant] that he planned to rob a taxicab driver to obtain the money for the ticket. [Appellant] agreed to get a taxicab with Jones and the two got into a taxicab driven by Brian Whetts. They

asked to be taken to an area near The Steakout restaurant on Queen Street in Lancaster where [Appellant] knew he could purchase crack cocaine. As [Appellant] and Jones exited the taxicab, Whetts was fatally shot in the back with [Appellant's] gun. [Appellant] and Jones fled from the scene to the home of Angela Nolley. While there, [Appellant] and Jones discussed the shooting with Nolley in great detail. Nolley testified that after hearing that Whetts had died, [Appellant] and Jones celebrated their achievement. [Appellant] and Jones were apprehended later that evening. [Appellant] was charged with second degree murder, criminal conspiracy, and robbery. At the time of the murder, [Appellant] was sixteen years of age.

PCRA Court Opinion filed 10/15/10 at 1–2 (citations to record omitted).

After a four day trial, on July 17, 1995, a jury found Appellant guilty of second degree murder, criminal conspiracy, and robbery, and the court sentenced Appellant to life in prison without the possibility of parole for the charge of second degree murder. Appellant filed a direct appeal to this Court contending the trial court erred in refusing to permit Appellant to meet with his defense counsel over a weekend during trial. Finding Appellant's sole issue to be waived, this Court affirmed Appellant's judgment of sentence on March 25, 1996. *See Commonwealth v. Ortiz*, 2944 PHILADELPHIA 1995, 451 Pa.Super. 601, 678 A.2d 832 (Pa.Super. filed 3/25/96) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On January 8, 1997, Appellant filed a *pro se* PCRA petition, and counsel was appointed to represent him. Counsel filed an amended PCRA petition, and following a hearing, by Order and Opinion entered on October 31, 1997, the PCRA court denied Appellant's PCRA petition. Appellant filed an appeal to this Court contending trial counsel was ineffective in failing to object to the trial court's order precluding Appellant from meeting with his attorney during a weekend recess. Finding no prejudice to counsel's omission, this Court affirmed the denial of post-conviction relief. *See Commonwealth v. Ortiz*, 4802 PHILADELPHIA 1997 (Pa.Super. filed 5/27/98) (unpublished memorandum). Thereafter, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal.

On June 14, 2001, Appellant filed his second *pro se* PCRA petition, and pursuant to Pa.R.Crim.P. 907, the PCRA court gave notice of its intention to dismiss Appellant's PCRA petition without a hearing. Appellant filed a response, and by Order entered on July 10, 2001, the PCRA court dismissed Appellant's PCRA petition. Appellant filed an appeal to this Court, and finding Appellant's second PCRA petition to be untimely, we affirmed. *See Commonwealth v. Ortiz*, 1316 MDA 2001 (Pa.Super. filed 6/26/02) (unpublished memorandum).

On February 28, 2006, Appellant filed his third *pro se* PCRA petition, and following the court's notice of its intention to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, by Order entered on May 11, 2006, the PCRA court dismissed Appellant's PCRA petition. Appellant filed an appeal to this Court; however, on June 23, 2006, this Court discontinued Appellant's appeal in response to his request to withdraw the appeal.

■ On June 7, 2010, Appellant filed his fourth *pro se* PCRA petition.[1] In his peti-

1. Appellant's petition is time-stamped June 11, 2010; however, pursuant to the prisoner

tion, Appellant acknowledged his fourth PCRA petition was facially untimely; however, he averred that he was entitled to 42 Pa.C.S.A. § 9545(b)(1)(iii)'s after-recognized constitutional right exception to the PCRA time limitation in light of the United States Supreme Court's recent Opinion in *Graham v. Florida,* —— U.S. ——, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). On June 23, 2010, the PCRA court provided Appellant with notice of its intention to dismiss without a hearing pursuant to Pa. R.Crim.P. 907. Appellant filed a response, and by Order filed on August 5, 2010, the PCRA court dismissed Appellant's fourth *pro se* PCRA petition. On August 20, 2010, Appellant filed a notice of appeal to this Court. All Pa.R.A.P. 1925 requirements have been met.

■ This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley,* 582 Pa. 164, 169 n. 2, 870 A.2d 795, 799 n. 2 (2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr,* 768 A.2d 1164, 1166 (Pa.Super.2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that

petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan,* 772 A.2d 1011 (Pa.Super.2001). Here, the PCRA court concluded that Appellant's petition was untimely and that no exceptions to the time-bar apply. For the following reasons, we agree.

■ The timeliness requirements of the PCRA are well-settled and jurisdictional in nature.[2] 42 Pa.C.S.A. § 9545(b). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petitioner alleges and proves that one of the exceptions to the time for filing the petition, as set forth in 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met.[3] *See Commonwealth v. Gamboa–Taylor,* 562 Pa. 70, 76, 753 A.2d 780, 783 (2000). A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *Id.* at 76, 753 A.2d at 783.

In the case *sub judice,* Appellant's judgment of sentence became final on April 24, 1996, thirty days after this Court affirmed Appellant's judgment of sentence and the time in which to seek an allowance of

mailbox rule, Appellant's *pro se* PCRA petition is deemed to be filed when it was handed to prison officials. *See Commonwealth v. Robinson,* 12 A.3d 477 (Pa.Super.2011).

2. In the case *sub judice,* Appellant's PCRA petition was filed on June 7, 2010, and therefore, it is governed by the 1995 amendments to the PCRA, which were enacted on November 17, 1995, and became effective 60 days thereafter.

3. The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of govern-

ment officials with the presentation of the claim in violation of the Constitution or law of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii).

appeal in our Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a). Therefore, Appellant had to file his PCRA petition by April 24, 1997, in order for it to be timely.[4] As Appellant filed the instant petition on June 7, 2010, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Commonwealth v. Beasley,* 559 Pa. 604, 741 A.2d 1258, 1261 (1999).

Here, citing to *Graham v. Florida,* —— U.S. ——, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), Appellant attempts to plead and prove the third exception; namely, 42 Pa. C.S.A. 9545(b)(1)(iii)'s exception for an after-recognized constitutional right.[5] Under this subsection, the petitioner must assert a constitutional right that was recognized by the United States Supreme Court or by the Pennsylvania Supreme Court after petitioner's one-year time limit for filing a PCRA petition had passed, and the right must have been held to apply retroactively. *See Commonwealth v. Abdul-Salaam,* 571 Pa. 219, 226, 812 A.2d 497, 501 (2002). For the reasons discussed *infra,* even assuming, *arguendo,* the right enunciated in *Graham* applies retroactively, we conclude Appellant's reliance upon *Graham* is misplaced, and thus, he has failed to plead and prove that he is entitled

to the constitutional right enunciated therein.

On May 10, 2010, the United States Supreme Court issued its decision in *Graham,* which presented the issue of whether a life sentence without the possibility of parole for a juvenile offender, convicted of a nonhomicide crime, constituted cruel and unusual punishment under the Eighth Amendment, applicable to the states through the Fourteenth Amendment.[6] It held that life sentences without the possibility for parole for juveniles convicted of nonhomicide crimes violate the Eighth Amendment protection against cruel and unusual punishment. *Graham, supra.* The Supreme Court in *Graham* limited its holding to life sentences without the possibility of parole that were imposed on juveniles for nonhomicide crimes only, and did not consider the constitutionality of such a sentence for juveniles convicted of a homicide offense. *See Graham, supra.* Indeed, the Supreme Court begins its Opinion by stating its limitation upon its inquiry, declaring that "[t]he issue before the Court is whether the Constitution permits a juvenile offender to be sentenced to life in prison without parole for a nonhomicide crime." *Id.* at 2018.

In the case *sub judice,* Appellant was a juvenile when he committed the crimes at issue and he was sentenced to life in prison

**4.** There exists a *proviso* to the 1995 amendments to the PCRA which provides a grace period for petitioners whose judgments have become final on or before the effective date of the amendments. However, the *proviso* applies to first PCRA petitions only and the petition must be filed by January 16, 1997. *See Commonwealth v. Thomas,* 718 A.2d 326 (Pa.Super.1998) (*en banc* ). Clearly, Appellant is not entitled to the relief provided by the *proviso.*

**5.** We note the Opinion in *Graham* was filed on May 17, 2010, and Appellant filed the instant PCRA petition on June 7, 2010. Thus,

Appellant has met the initial hurdle of demonstrating that he filed his instant PCRA petition within 60 days of when the claim could have been presented. *See Gamboa–Taylor, supra.*

**6.** The U.S. Supreme Court initially granted *certiorari* in both *Graham* and a companion case, *Sullivan v. Florida,* which, although procedurally different, raised the same issue. Following its decision in *Graham,* the Supreme Court dismissed the writ of *certiorari* as improvidently granted. *See Sullivan v. Florida,* —— U.S. ——, 130 S.Ct. 2059, —— L.Ed.2d —— (mem.) (2010).

without the possibility of parole. However, unlike in *Graham*, Appellant committed the crime of homicide, and thus *Graham* does not apply.[7] As such, Appellant's attempt to invoke an exception to the PCRA timeliness requirements by specifically relying upon *Graham* can afford Appellant no relief.

Therefore, as Appellant's PCRA petition is facially untimely, and he has failed to meet his burden of proof with regard to any of the enumerated exceptions to the timeliness requirement as enumerated in 42 Pa.C.S.A. § 9545, we find the PCRA court properly dismissed Appellant's PCRA petition on the basis it was untimely filed.[8]

Affirmed. Appellant's Application for Relief is Denied.

---

7. We note that the Pennsylvania Supreme Court has reserved a limited grant of allocatur on the question of the constitutionality of a life sentence imposed upon a juvenile offender convicted of first-degree murder. *See Commonwealth v. Batts*, 603 Pa. 65, 981 A.2d 1283 (2009). In so doing, the Pennsylvania Supreme Court noted that its limited grant was reserved pending the disposition of *Graham* and *Sullivan*, which as indicated *supra*, have been disposed of by the U.S. Supreme Court. Moreover, we note that a panel of this Court, in *Commonwealth v. Carter*, 855 A.2d 885 (Pa.Super.2004), *appeal denied*, 581 Pa. 670, 863 A.2d 1142 (2004), specifically held that a life sentence for a juvenile offender convicted of second-degree murder does not violate the constitutional prohibition against cruel and unusual punishment. Therefore, unless and until the U.S. Supreme Court, the Pennsylvania Supreme Court, or the Pennsylvania Legislature concludes otherwise, we are bound by existing law holding that the imposition of a life sentence without the possibility of parole upon a juvenile convicted of a homicide offense is not cruel and unusual punishment.

8. On February 10, 2011, Appellant filed a *pro se* Application for Relief. We deny the Application.