J-S37045-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JULIO LOPEZ, | : | |
| | : | |
| Appellant | : | No. 969 MDA 2013 |

Appeal from the Order entered on May 3, 2013
in the Court of Common Pleas of Luzerne County,
Criminal Division, No. CP-40-CR-0003535-2003

BEFORE: LAZARUS, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED AUGUST 11, 2014**

Julio Lopez ("Lopez") appeals from the denial of his Petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546. Additionally, Lopez's counsel, Paul Galante, Esq. ("Attorney Galante"), has filed a separate Petition to Withdraw As Counsel. We affirm and grant Attorney Galante's Petition to Withdraw as Counsel.

On June 7, 2004, Lopez pled guilty to one count of escape. That same day, the trial court sentenced Lopez to nine to eighteen months in county prison. Lopez did not file a direct appeal.

On October 27, 2011, Lopez filed a *pro se* Motion to Expunge the escape conviction. The trial court denied the Motion. Lopez filed a Notice of Appeal, which this Court quashed for significant deficiencies in Lopez's brief.

On January 18, 2013, Lopez, *pro se*, filed the instant PCRA Petition, seeking, *inter alia*, the expungement of his escape conviction. The PCRA

court appointed Lopez counsel. The PCRA court subsequently denied Lopez's PCRA Petition as untimely. Lopez filed a timely Notice of Appeal. Thereafter, upon Motion by Lopez's counsel, the PCRA court allowed counsel to withdraw and appointed Attorney Galante as appellate counsel.

Initially, we must address Attorney Galante's Petition to Withdraw as Counsel.[1] Where counsel seeks to withdraw on collateral appeal, the procedure outlined in **Turner**/**Finley**[2] must be followed. In **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009), our Supreme Court explained that independent review by competent counsel is required before withdrawal is permitted. **Id.** at 876 n.1. Such review requires the following:

1) A "no-merit" letter by [] counsel detailing the nature and extent of his review;

2) The "no-merit" letter by [] counsel listing each issue the petitioner wished to have reviewed;

3) [] [C]ounsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were [without merit];

4) The PCRA court conducting its own independent review of the record; and

---

[1] We note that Attorney Galante initially did not file a petition to withdraw with this Court. **See** Order, 6/5/14. We entered an Order, allowing Attorney Galante thirty days to either file a proper petition to withdraw or file an advocate's brief. **See id**. In response to the Order, Attorney Galante filed his Petition to Withdraw as Counsel.

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

> 5) The PCRA court agreeing with counsel that the petition was [without merit].

*Id.* (citation and brackets omitted).

Further, we have held that the Supreme Court in *Pitts* did not expressly overrule the additional requirement imposed by this Court in *Commonwealth v. Friend*, 896 A.2d 607, 615 (Pa. Super. 2006), stating that

> counsel seeking to withdraw [must] contemporaneously forward to the petitioner a copy of the application to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel.

*Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa. Super. 2011).

Here, Attorney Galante filed a *Turner/Finley* "no-merit" brief and a Petition to Withdraw. Attorney Galante described the extent of his review, identified the issue that Lopez sought to raise, and explained why that issue lacks merit. In addition, Attorney Galante provided Lopez with Notice of his intention to seek permission to withdraw from representation, a copy of the

- 3 -

"no-merit" brief, and advised Lopez of his rights in lieu of representation.[3]

Thus, we conclude that Attorney Galante has substantially complied with the

requirements necessary to withdraw as counsel.   We now independently

review Lopez's claim to ascertain whether it is without merit.

On appeal, Lopez raises the following question for our review:

"Whether the lower court erred in dismissing [Lopez's] PCRA [P]etition as

untimely?"  **Turner/Finley** Brief at 4.

> This Court's standard of review regarding an order
> [denying] a petition under the PCRA is whether the
> determination of the PCRA court is supported by the evidence of
> record and is free of legal error.  The PCRA court's findings will
> not be disturbed unless there is no support for the findings in the
> certified record.  Moreover, a PCRA court may decline to hold a
> hearing on the petition if the PCRA court determines that
> petitioner's claim is patently frivolous and is without a trace of
> support in either the record or from other evidence.

**Commonwealth v. Ortiz**, 17 A.3d 417, 420 (Pa. Super. 2011) (citations

omitted).

Initially, we note that Lopez's sentence expired in December 2005 and

thus, he is not eligible for relief under the PCRA.   **See** 42 Pa.C.S.A.

§ 9543(a)(1)(i) (stating that to be eligible for relief under the PCRA the

---

[3] We note that in his letter to Lopez, Attorney Galante erroneously states that he was withdrawing under **Anders v. California**, 386 U.S. 738, 744 (1967).   However, **Anders** applies to withdrawal of counsel in a direct appeal.   As noted above, the appropriate practice for withdrawing from a collateral appeal is **Turner/Finley**.   Despite Attorney Galante's erroneous statement, we conclude that Attorney Galante fulfilled the requirements of **Turner/Finley**.  **See Widgins**, 29 A.3d at 817 n.2 (stating that "[b]ecause an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner/Finley** letter.").

petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime"); *see also Commonwealth v. Hart*, 911 A.2d 939, 941-42 (Pa. Super. 2006).

Moreover, even if Lopez were eligible for PCRA relief, his Petition was facially untimely under the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(1) (stating that under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]"); *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (stating that the PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed). Further, Lopez has failed to plead or prove the applicability of any of the exceptions to the PCRA timeliness requirements. *See* 42 Pa.C.S.A. § 9545(b)(1); *see also Albrecht*, 994 A.2d at 1094. Thus, the PCRA court properly denied Lopez's PCRA Petition.

Based upon the foregoing, Attorney Galante is permitted to withdraw pursuant to the precepts of *Turner/Finley*, and we affirm the Order of the PCRA court.

Petition to Withdraw as Counsel granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2014

- 5 -