J-S46036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
                               :            PENNSYLVANIA

          Appellee          :

                               :

           v.                 :

                               :

DONNELL L. BUCKNER,           :

                               :

          Appellant         :           No. 1184 MDA 2013

Appeal from the PCRA Order entered on June 17, 2013
in the Court of Common Pleas of Luzerne County,
Criminal Division, No. CP-40-CR-0001492-2009

BEFORE: SHOGAN, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED AUGUST 20, 2014**

Donnell L. Buckner ("Buckner") appeals from the denial of his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. Additionally, Buckner's counsel, Robert M. Buttner, Esq. ("Attorney Buttner"), has filed a separate Petition to Withdraw As Counsel. We affirm and grant Attorney Buttner's Petition to Withdraw as Counsel.

In March 2009, Buckner shot and killed his estranged wife. Buckner was 34 years old at the time of the murder. On June 28, 2010, Buckner was found guilty of first-degree murder[1] and sentenced to life in prison without the possibility of parole. This Court affirmed the judgment of sentence, and the Supreme Court of Pennsylvania denied allowance of appeal. *See*

---

[1] 18 Pa.C.S.A. § 2502(a).

*Commonwealth v. Buckner*, 32 A.3d 839 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 40 A.3d 119 (Pa. 2012).

Buckner filed a timely PCRA Petition, *pro se*, on August 30, 2012, seeking relief from his judgment of sentence pursuant to *Miller v. Alabama*, 131 S. Ct. 2455 (2012).[2] The PCRA court appointed Buckner counsel, who filed a Motion Seeking Appointment of An Expert ("Motion to Appoint Expert"). Buckner asserted that the expert would conduct a psychological review of Buckner and assist in developing his claim that mandatory life without parole is unconstitutional under an expansive reading of *Miller*. The PCRA court held an evidentiary hearing on Buckner's Motion to Appoint Expert and subsequently denied the Motion. After another hearing, the PCRA court denied Buckner's PCRA Petition. Buckner filed a timely Notice of Appeal and complied with the PCRA court's order to file a Concise Statement. Thereafter, Buckner's PCRA counsel withdrew, and Attorney Buttner was appointed to represent Buckner for the present appeal.

Initially, we must address Attorney Buttner's Petition to Withdraw as Counsel. Where counsel seeks to withdraw on collateral appeal, the procedure outlined in *Turner*/*Finley*[3] must be followed. In

---

[2] The *Miller* Court held that mandatory life sentences, without the possibility of parole, for juveniles were unconstitutional. *See Miller*, 131 S. Ct. at 2464.

[3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

***Commonwealth v. Pitts***, 981 A.2d 875 (Pa. 2009), our Supreme Court explained that independent review by competent counsel is required before withdrawal is permitted. ***Id.*** at 876 n.1. Such review requires the following:

1) A "no-merit" letter by [] counsel detailing the nature and extent of his review;

2) The "no-merit" letter by [] counsel listing each issue the petitioner wished to have reviewed;

3) [] [C]ounsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were [without merit];

4) The PCRA court conducting its own independent review of the record; and

5) The PCRA court agreeing with counsel that the petition was [without merit].

***Id.*** (citation and brackets omitted).

Further, we have held that the Supreme Court in ***Pitts*** did not expressly overrule the additional requirement imposed by this Court in ***Commonwealth v. Friend***, 896 A.2d 607, 615 (Pa. Super. 2006), stating

that [] counsel seeking to withdraw [must] contemporaneously forward to the petitioner a copy of the application to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel.

***Commonwealth v. Widgins***, 29 A.3d 816, 818 (Pa. Super. 2011).

Here, Attorney Buttner filed a ***Turner/Finley*** "no-merit" brief and a Petition to Withdraw. Attorney Buttner described the extent of his review,

- 3 -

identified the issue that Buckner sought to raise, and explained why that issue lacks merit. In addition, Attorney Buttner provided Buckner with notice of his intention to seek permission to withdraw from representation, a copy of the "no-merit" brief, and advised Buckner of his rights in lieu of representation. Thus, we conclude that Attorney Buttner has substantially complied with the requirements necessary to withdraw as counsel. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with requirements to withdraw as counsel will satisfy the *Turner/Finley* criteria).

We now independently review Buckner's claim to ascertain whether it is without merit. On appeal, Buckner raises the following question for our review:

> Did the [t]rial [c]ourt err and/or abuse its discretion in failing to appoint an expert to assist [Buckner] in developing his claim that mandatory life without the possibility of parole is unconstitutional, under the Eighth Amendment of the United States Constitution and its Pennsylvania counterpart and under an exp[a]nsive reading of *Miller v. Alabama*, in that [Buckner] suffered from various psychological disorders at the time of the commission of the offense for which he was convicted?

*Turner*/*Finley* Brief at 5. [4]

> This Court's standard of review regarding an order [denying] a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Moreover, a PCRA court may decline to hold a

---

[4] We note that Buckner has filed neither a *pro se* brief nor retained alternate counsel for this appeal.

hearing on the petition if the PCRA court determines that petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence.

*Commonwealth v. Ortiz*, 17 A.3d 417, 420 (Pa. Super. 2011) (citations omitted).

Buckner contends that the PCRA court erred in denying his Motion to Appoint Expert because an expansive reading of *Miller* would apply to his case and make his life sentence without the possibility of parole unconstitutional. *Turner*/*Finley* Brief at 14-15.

Buckner's claim fails for two reasons. First, *Miller* does not apply to adults; it pertains only to those who were juveniles at the time of the crime. *See Miller*, 131 S. Ct. at 2464 (specifically referencing juveniles as the intended subjects of the ruling); *see also Commonwealth v. Lawson*, 90 A.3d 1, 7 (Pa. Super. 2014) (holding that *Miller* does not apply to crimes committed as an adult). Because Buckner was 34 at the time of the crime, *Miller* does not apply. Thus, Buckner's claim that his Motion to Appoint Expert should have been granted so that he could prove *Miller's* application is without merit.

Second, the Pennsylvania Supreme Court held that *Miller* does not apply retroactively. *See Commonwealth v. Cunningham*, 81 A.3d 1, 8-9, 11 (Pa. 2013), *cert. denied*, *Cunningham v. Pennsylvania*, 2014 U.S. LEXIS 4082 (U.S. June 9, 2014). Therefore, even if *Miller* had applied to Buckner, despite his age, his claim that the PCRA court erred in denying his

Motion to Appoint Expert still fails.  Thus, Buckner is not entitled to relief, and the PCRA court properly denied the Motion to Appoint Expert and the PCRA Petition.

Based upon the foregoing, Attorney Buttner is entitled to withdraw pursuant to the precepts of *Turner*/*Finley*, and we affirm the Order of the PCRA court.

Petition to Withdraw as Counsel granted.  Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2014