J-S44037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILBERT BELLAMY, | : | |
| | : | |
| Appellant | : | No. 2276 EDA 2016 |

Appeal from the PCRA Order July 7, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0602352-1993

BEFORE: BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED AUGUST 15, 2017**

Wilbert Bellamy ("Bellamy") appeals from the Order dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. Additionally, Bellamy's counsel, Gary S. Server, Esquire ("Attorney Server"), has filed a separate Motion to Withdraw as Counsel. We grant Attorney Server's Motion to Withdraw and affirm the PCRA court's Order.

In 1994, a jury found Bellamy guilty of three counts of robbery, and one count each of burglary, unlawfully carrying a firearm and criminal conspiracy.[1] On September 12, 1994, the trial court sentenced Bellamy to an aggregate prison term of forty-seven and one-half to ninety-five years. Bellamy filed a timely Notice of Appeal. This Court dismissed Bellamy's appeal on July 7, 1995, for failure to file a brief.

---

[1] 18 Pa.C.S.A. §§ 3701, 3502, 6108, and 903.

Bellamy filed a *pro se* PCRA Petition seeking *nunc pro tunc* reinstatement of his direct appeal rights, which the PCRA court granted. Bellamy filed a Notice of Appeal; however, this Court again dismissed Bellamy's appeal for failure to file a brief. Bellamy's direct appeal rights were reinstated for a second time; thereafter, this Court affirmed Bellamy's judgment of sentence. *See **Commonwealth v. Bellamy***, 776 A.2d 288 (Pa. Super. 2001) (unpublished memorandum).

Bellamy was not timely notified of this decision, and was thereby prevented from seeking review from the Supreme Court of Pennsylvania. Bellamy filed another PCRA Petition requesting reinstatement of his right to file a petition for allowance of appeal, *nunc pro tunc.* Following a protracted procedural history, the PCRA court granted this request, and Bellamy filed his Petition for Allowance of Appeal with the Supreme Court of Pennsylvania. The Supreme Court denied Bellamy's Petition on September 13, 2005. ***See Commonwealth v. Bellamy***, 882 A.2d 1005 (Pa. 2005). Bellamy did not file a petition for *writ of certiorari* to the United States Supreme Court.

On August 12, 2014, Bellamy filed the instant PCRA Petition. The PCRA court appointed Attorney Server as counsel, who filed an Amended PCRA Petition. After review of the Amended Petition, the PCRA court issued a Pennsylvania Rule of Criminal Procedure 907 Notice. On July 7, 2016, the PCRA court dismissed the Amended PCRA Petition. Bellamy filed a timely Notice of Appeal.

On appeal, Attorney Server filed a **Turner**/**Finley**[2] brief, which raises the following issues for our review:

1. Whether there is anything in the record that might arguably support the appeal that obviates a conclusion that the appeal is frivolous[?]

2. Whether the [PCRA] court erred when it dismissed [Bellamy's] Petition under the [PCRA] because it was untimely and lacked merit[?]

**Turner**/**Finley** Brief at 9 (some capitalization omitted). Bellamy did not file a *pro se* response or retain private counsel.

Prior to addressing Bellamy's claims on appeal, we must address Attorney Server's Motion to Withdraw as Counsel. Where counsel seeks to withdraw on collateral appeal, the procedure outlined in **Turner**/**Finley** must be followed. In **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009), our Supreme Court explained the procedure for withdrawal as follows:

1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;

2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;

3) The PCRA counsel's "explanation," in the "no-merit" letter, of why petitioner's issues were meritless;

4) The PCRA court conducting its own independent review of the record; and

5) The PCRA court agreeing with counsel that the petition was meritless.

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 2013 (Pa. Super. 1988) (*en banc*).

***Id.*** at 876 n.1 (citation and brackets omitted). Further, our Court held that the Supreme Court in ***Pitts*** did not expressively overrule the additional requirement imposed by this Court in ***Commonwealth v. Friend***, 896 A.2d 607, 615 (Pa. Super. 2006), stating

> that PCRA counsel seeking to withdraw contemporaneously forward to the petitioner a copy of the application to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel.

***Commonwealth v. Widgins***, 29 A.3d 816, 818 (Pa. Super 2011).

Here, in his ***Turner***/***Finley*** brief, Attorney Server described the extent of his review, identified the issues that Bellamy sought to raise, and explained why the issues lack merit. In addition, Attorney Server provided Bellamy with notice of his intention to seek permission to withdraw from representation, a copy of the "no-merit" brief and Motion to Withdraw as Counsel, and advised Bellamy of his rights in lieu of representation. Thus, we conclude that Attorney Server has complied with the requirements necessary to withdraw as counsel. ***See Commonwealth v. Karanicolas***, 836 A.2d 940, 947 (Pa. Super. 2003) (stating that substantial compliance with requirements to withdraw as counsel will satisfy the ***Turner***/***Finley*** criteria). We now independently review Bellamy's claims to ascertain whether they lack merit.

> This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the

- 4 -

determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Moreover, a PCRA court determines that petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence.

**Commonwealth v. Ortiz**, 17 A.3d 417, 420 (Pa. Super. 2011) (citations omitted).

Initially, we note that under the PCRA, any PCRA petition shall be filed within one year of the date the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Bellamy's judgment of sentence became final on December 12, 2005. **See Commonwealth v. Miller**, 102 A.3d 988, 993 (Pa. Super. 2014). Thus, Bellamy's PCRA Petition, filed on August 12, 2014, is facially untimely under the PCRA.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of the three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); **Albrecht**, 994 A.2d at 1094.

Bellamy invokes the newly-recognized constitutional right exception, and argues that ***Alleyne v. United States***, 133 S. Ct. 2151 (2013),[3] renders his sentence illegal. ***Turner***/***Finley*** Brief at 13-15. Initially, Bellamy filed the instant PCRA petition on August 12, 2014, well over 60 days after June 17, 2013, the date ***Alleyne*** was decided. ***See Commonwealth v. Boyd***, 923 A.2d 513, 517 (Pa. Super 2007) (stating that "[w]ith regard to an after-recognized constitutional right, this Court has held that the sixty day period begins to run upon the date of the underlying judicial decision"). Further, ***Alleyne*** does not apply retroactively where a judgment of sentence is final. ***See Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016) (holding that "***Alleyne*** does not apply retroactively to cases pending on collateral review."); ***see also Miller***, 102 A.3d at 995 (stating that while ***Alleyne*** claims go to the legality of the sentence, a court cannot review a legality claim where it does not have jurisdiction). Therefore, Bellamy did not properly plead or prove the newly-recognized constitutional right exception.

Next, Bellamy claims that the aggregate sentence imposed upon him was unreasonable and manifestly excessive. ***Turner***/***Finley*** Brief at 17-19. However, Bellamy's claim "challenges the discretionary aspects of [his]

---

[3] In ***Alleyne***, the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" and found beyond a reasonable doubt. ***Alleyne***, 133 S. Ct. at 2155. The Supreme Court reasoned that a Sixth Amendment violation occurs where these sentence-determinative facts are not submitted to a jury. ***Id.*** at 2156.

sentence, and such challenges are not cognizable under the PCRA." ***Commonwealth v. Fowler***, 930 A.2d 586, 593 (Pa. Super. 2007). Therefore, we cannot address Bellamy's claim.

Moreover, our independent review of the record has revealed no meritorious claims that Bellamy could have raised on appeal, and we agree with Attorney Server that this appeal lacks merit. Accordingly, we affirm the dismissal of Bellamy's PCRA Petition and grant Attorney Server's Motion to Withdraw as Counsel.

Motion to Withdraw as Counsel granted. Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2017