J-S03037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAMIK BANKS, | : | |
| | : | |
| Appellant | : | No. 356 EDA 2018 |

Appeal from the PCRA Order January 16, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002500-2011

BEFORE: BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 28, 2019**

Ramik Banks ("Banks") appeals from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

On April 20, 2012, following a jury trial, Banks was convicted of one count each of first-degree murder, conspiracy to commit murder, carrying a firearm on a public street in Philadelphia, and possessing an instrument of crime.[2] He was subsequently sentenced to life in prison for the murder charge, with no further penalty for the remaining charges. On November 18, 2014, following this Court's affirmation of the judgment of sentence and our

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 2502(a), 903, 6108, 907(a).

Supreme Court's denial of allowance of appeal,[3] Banks filed the instant, timely

Petition. The PCRA court appointed Banks counsel, who filed an Amended

Petition on his behalf on February 9, 2016. On January 16, 2018, having

previously issued a Pa.R.A.P. 907 Notice, the PCRA court dismissed Banks's

Petition without a hearing. Banks filed a timely Notice of Appeal and a court-

ordered Pa.R.A.P. 1925(b) Concise Statement.

Banks now presents the following questions for our review:

1. Did the PCRA court err in holding that [Banks's] claim that counsel was ineffective for not requesting a voluntary intoxication charge was without merit?

2. Did the PCRA court err in holding that [Banks's] claim that counsel was ineffective for not objecting to prosecutorial misconduct during the Commonwealth's closing arguments [*sic*]?

3. Is [Banks] serving an illegal sentence?

Brief for Appellant at 2 (some capitalization omitted).

Our standard of review regarding an order dismissing a PCRA petition is

whether the determination of the PCRA court is supported by the evidence of

record and is free of legal error. ***Commonwealth v. Ortiz***, 17 A.3d 417, 420

(Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless

there is no support for the findings in the certified record." ***Id.***

---

[3] ***See Commonwealth v. Banks***, 2013 Pa. Super. Unpub. LEXIS 2925 (unpublished memorandum), ***appeal denied***, 87 A.3d 317 (Pa. 2014).

Banks's first two arguments claim ineffective assistance of trial counsel. To be eligible for relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate, by a preponderance of the evidence, that (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or omission; and (3) there is a reasonable probability that the result of the proceeding would have been different absent such error. *Commonwealth v. Spotz*, 18 A.3d 244, 260 (Pa. 2011). "A PCRA petitioner must address *each of these prongs* on appeal." *Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018) (emphasis added). "When an appellant fails to meaningfully discuss *each* of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development." *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014) (emphasis added) (internal citation and quotation marks omitted).

In asserting his first two claims, Banks neglects to address the third prong of an effectiveness claim, *i.e.* prejudice resulting from counsel's alleged ineffectiveness. Instead, Banks devotes the entirety of his argument to the first and second prongs of an effectiveness claim, *i.e.* underlying merit and the lack of a reasonable basis for counsel's action or inaction. *See* Brief for Appellant at 9-17. In so doing, Banks alleges that trial counsel was ineffective in both failing to request a voluntary intoxication charge to the jury and failing to object to the Commonwealth's closing argument. *See id.* Banks relies on

his testimony at trial that he was "kind of drunk" at the time of the crime, as well as a delayed *Miranda*[4] warning following his arrest to support his claim that counsel should have requested a voluntary intoxication charge in his defense, in addition to the self-defense charge. *Id.* at 11. Banks also alleges that his counsel was ineffective for failing to object to the prosecutor's various statements during closing, including that Banks's "testimony was completely unbelievable," that Banks "repeatedly tried to shoot [the victim] while he was still in the car," and that "several witnesses feared retaliation from [Banks]." *Id.* at 14-16. Wholly lacking from these arguments, however, is any discussion of resultant prejudice. An assertion of prejudice is especially important where, as here, the trial court's jury instructions could be viewed as alleviating any possible prejudice. Accordingly, due to Banks's failure to comply with the mandates of *Wholaver* and *Fears*, *supra*, we are compelled to find his first two claims waived.

In his third claim, Banks purports to challenge the legality of his sentence rather than the effectiveness of his counsel. *See* Brief for Appellant at 18. Specifically, Banks claims that the statute authorizing his sentence is unconstitutionally vague, as it fails to state that a sentence of life in prison under the statute is without the possibility of parole. *See* Brief for Appellant at 18-22; *see also id.* at 20-21 (stating that "Section 1102[, which relates to

---

[4] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

a sentence for first-degree murder,] fails to give people of ordinary intelligence fair notice that life imprisonment means life without parole").

Before addressing the merits of Banks's argument, we must first discern whether Banks properly brought his claim under the PCRA.

Our recent decision in **Commonwealth v. Rouse**, 191 A.3d 1 (Pa. Super. 2018), guides our determination. In **Rouse**, the appellant challenged his sentence through a *habeas corpus* petition, claiming that the statute authorizing his sentence – 18 Pa.C.S.A. § 1102 – was unconstitutionally vague because it failed to provide adequate notice that the sentence of "life imprisonment" excluded the possibility of parole. **Id.** at 2. The PCRA court in that case treated the appellant's petition as a PCRA petition and dismissed it on grounds of timeliness. Upon review, this Court concluded that the trial court improperly treated the *habeas* petition as a PCRA petition. **Id.** at 7. In so concluding, this Court acknowledged the tension between Sections 9542 and 9543 of the PCRA. **Id.** at 4.

The general language of Section 9542 states that the PCRA is to be "the *sole means* of obtaining collateral relief [for persons serving *illegal sentences*] and encompasses all other … remedies … *including habeas corpus*." 42 Pa.C.S.A. § 9542 (emphasis added). However, the eligibility-for-relief provisions of Section 9543 allow for the redress of illegal sentences only insofar as the claim arises from the "imposition of a sentence greater than the lawful maximum." 42 Pa.C.S.A. § 9543.

We then looked to the categories of "illegal sentences" historically recognized by our courts:

> The phrase "illegal sentence" is a term of art in Pennsylvania Courts that is applied to three narrow categories of cases[:] … claims that the sentence fell outside of the legal parameters prescribed by the applicable statute; [] claims involving merger/double jeopardy; and [] claims implicating the rule in ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), [and its progeny].

***Rouse***, 191 A.3d at 5 (some internal citations and quotation marks omitted).[5] Importantly, we recognized that claims targeting a sentencing statute do not inherently constitute "illegal-sentencing claims" simply by virtue of challenging such a statute. ***Id.*** at 6. We then held that a claim alleging

> *void-for-vagueness* [] is a sentencing issue that presents a legal question that *is qualitatively distinct from the categories of illegal sentences recognized by our courts*[, which encompass those cognizable under the PCRA as exceeding the prescribed parameters]. It does not challenge the sentencing court's authority or actions insomuch as it challenges the legislature's ostensible failure to provide adequate notice of the penalty….

***Id.*** at 6 (internal citations and quotation marks omitted) (emphasis added). As a result, we concluded that the PCRA court in ***Rouse*** erred when it treated the appellant's void-for-vagueness argument as if it were a legality challenge within the purview of the PCRA. ***Id.***

With this in mind, we turn again to Banks's final claim. Banks characterizes this challenge as being one of legality, cognizable under the

---

[5] We note that "this Court has also held that claims pertaining to the Eighth Amendment … also pertain to the legality of sentences." ***Rouse***, 191 A.3d at 5-6.

PCRA. *See* Brief for Appellant at 18, fn. 3. However, the substance of his argument belies such a characterization. Like the appellant in *Rouse*, Banks asserts that Section 1102 is unconstitutionally vague as it pertains to the imposition of a life sentence without parole. Brief for Appellant at 20-22. Because Banks's argument, similar to that of the appellant in *Rouse*, "directly seek[s] protection from legislatures, not judges, [his argument] falls into the category of a sentencing issue that presents a legal question rather than a claim that the sentence is illegal." *Rouse*, 191 A.3d at 6 (internal citations and quotation marks omitted).[6] Accordingly, Banks's third claim is not cognizable under the PCRA and is not reviewable from the posture of a PCRA appeal.

Even if we were to treat Banks's Petition as a Petition for *habeas corpus* relief, Banks would not be entitled to relief. Having established that Banks's claim is not one of illegal sentencing, the claim is subject to waiver. *See Rouse*, 191 A.3d at 6-7 (stating that waiver exists where a *habeas corpus* claim could have been raised at sentencing or in a post-sentence motion but was not so raised). Our review of the record indicates that Banks failed to raise the issue of Section 1102's vagueness in either a post-sentence motion or at the sentencing hearing. Consequently, Banks's third claim is waived.

---

[6] We note that Banks, unlike the appellant in *Rouse*, does explicitly contend that his sentence exceeds the lawful maximum, as any sentence would arguably be excessive if Section 1102 were declared unconstitutional. Brief for Appellant at 18, fn. 3. Nonetheless, in *Rouse*, we found the supposition of such an argument unconvincing. *See Rouse*, 191 A.3d at 5. In keeping with our prior reasoning, we decline to accept Banks's contention.

Finally, even if Banks did not waive his challenge to the language of Section 1102, he still would not have prevailed. The PCRA court provided the following analysis in concluding that Banks's void-for-vagueness challenge is without merit, which we agree with and adopt for the purpose of this appeal:

"[D]uly enacted legislation carries with it a strong presumption of constitutionality." **Commonwealth v. Turner**, 80 A.3d 754, 759 (Pa. 2013). It will therefore be upheld, "unless it clearly, palpably, and plainly violates the constitution." **Commonwealth v. Neiman**, 84 A.3d 603, 611 (Pa. 2013) (internal quotations omitted). Under the void-for-vagueness standard, a statute is unconstitutional if it is "so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application." **Commonwealth v. Davidson**, 938 A.2d 198, 207 (Pa. 2007). On the other hand, a statute will pass constitutional muster[] if it "define[s] the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." **Id.** (quoting **Kodender v. Lawson**, 461 U.S. 352, 357 (1983)). Specifically, a sentencing statute is constitutional if it states with specific clarity the consequences of violating a criminal statute. **Commonwealth v. Berryman**, 649 A.2d 961, 985 (Pa. Super. 1994) (citing **U.S. v. Batchelder**, 442 U.S. 114, 123 (1979)).

Here, the sentencing statute at issue, 18 Pa.C.S.[A.] § 1102(a)(1), plainly states that a person convicted of first[-]degree murder[] "shall be sentenced to death or a term of life imprisonment." While [S]ection 1102(a)(1) is silent about parole eligibility, a separate statute unambiguously provides that the parole board is without power to parole anyone serving a sentence of life imprisonment. 61 Pa.C.S.[A.] § 6137(a)(1) ("The board may parole … any inmate to whom the power to parole is granted to the board by this chapter, except an inmate condemned to death or serving life imprisonment…."). Moreover, the fact that parole eligibility is codified in a separate statute is irrelevant, since both statutes read together put [a] defendant on notice that the penalty for first[-]degree murder is life without parole or death. **See Commonwealth v. Bell**, 645 A.2d 211, 218 (Pa. 1994) (mandatory minimum statute … was not unconstitutionally vague

- 8 -

for failing to specify a [] sentence since the [sentence] was implied when read together with other statutes).

PCRA Court Opinion, 4/11/18, at 11-12.

Based upon the foregoing, we conclude that Banks is not entitled to relief and affirm the PCRA court's Order dismissing Banks's Petition.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/28/19